```
SUPREME COURT OF ARIZONA
               En Banc

CITY OF PEORIA, a municipal      ) Arizona Supreme Court
corporation; and CITY OF PHOENIX,) No. CV-10-0218-PR
a municipal corporation,         )
                                 ) Court of Appeals
         Plaintiffs/Defendants/  ) Division One
                    Appellees,   ) No. 1 CA-TX 09-0001
                                 )
              v.                 ) Arizona Tax Court
                                 ) Nos. TX2006-000113
BRINK'S HOME SECURITY, INC., a   )      TX2006-000116
Delaware corporation,            )      TX2006-000228
                                 )      TX2006-000335
          Defendant/Plaintiff/   )     (Consolidated)
                   Appellant.    )
                                 )
                                 ) O P I N I O N
_____)


         Appeal from the Arizona Tax Court
      The Honorable Thomas Dunevant, III, Judge
_____


      Opinion of the Court of Appeals, Division One
        224 Ariz. 278, 229 P.3d 1020 (2010)

               VACATED AND REMANDED
_____


STEPHEN M. KEMP, PEORIA CITY ATTORNEY                Peoria
     By   Cynthia Odom, Assistant City Attorney
Attorneys for City of Peoria

GARY VERBURG, PHOENIX CITY ATTORNEY                 Phoenix
     By   James H. Hays, Assistant City Attorney
Attorneys for City of Phoenix

SNELL & WILMER LLP                                  Phoenix
     By   Barbara J. Dawson
          Martha E. Gibbs
          Melissa M. Krueger
          Robert I. Schwimmer
Attorneys for Brink's Home Security, Inc.
```

OSBORN MALEDON, P.A.                                           Phoenix
     By   Randall C. Nelson
          Thomas L. Hudson
          Mark P. Hummels
Attorneys for Amici Curiae Arizona-New Mexico Cable
Communications and The Broadband Tax Institute

STEPTOE & JOHNSON LLP                                          Phoenix
     By   Pat Derdenger
          Bennett Evan Cooper
Attorneys for Amicus Curiae Arizona Tax Research Association
_____

**B A L E S**, Justice

¶1      This case concerns municipal taxation of home-security services when the provider's monitoring facility is out of state and the services include telecommunications.  Municipalities are prohibited from taxing interstate telecommunications services.  Ariz. Rev. Stat. ("A.R.S.") § 42-6004(A)(2) (2006).  The court of appeals held that the telecommunications involved are intrastate because they are part of a transmission loop that begins and ends in Arizona.  We reject this theory and conclude that separate interstate telecommunications cannot be aggregated and characterized as intrastate.  We remand this case for the court of appeals to consider whether the assessed taxes are permissible because they are imposed on the monitoring services and not on telecommunications services.

**I.**

¶2      Brink's Home Security ("BHS") provides home-security systems and monitoring services to customers throughout Arizona.

2

If an alarm is triggered at an Arizona home and not disarmed, information from the alarm system is transmitted electronically to BHS's monitoring station in Texas. Personnel there receive the automated signal and attempt to contact the customer – typically by telephone. When appropriate, the monitoring personnel in Texas call emergency responders in Arizona.

¶3 The Cities of Peoria and Phoenix assessed transaction privilege taxes against BHS pursuant to Peoria City Code § 12-470(a)(2)(D) and Phoenix City Code § 14-470(a)(2)(D). Each code provides for taxation of gross income from providing "telecommunication services," which include "[c]harges for monitoring services relating to a security or burglar alarm system located within the City where such system transmits or receives signals or data over a communications channel." Peoria City Code § 12-470(a)(2)(D); Phoenix City Code § 14-470(a)(2)(D). BHS protested the assessments, arguing that it provides interstate telecommunications services immune from municipal taxation under A.R.S. § 42-6004(A)(2). The Tax Court granted summary judgment for the Cities, concluding that the monitoring services are primarily intrastate and therefore taxable.

¶4 In a split decision, the court of appeals affirmed. *City of Peoria v. Brink's Home Sec., Inc.*, 224 Ariz. 278, 280 ¶ 1, 229 P.3d 1020, 1022 (App. 2010). Characterizing BHS's

3

monitoring process as a "transmission loop" that begins and ends in Arizona, the majority opinion concluded that the services are intrastate and therefore taxable. *Id.* at 283 ¶¶ 19–21, 229 P.3d at 1025. The dissenting opinion viewed the monitoring process as involving separate interstate communications that are not subject to municipal taxation. *Id.* at 286 ¶ 35, 229 P.3d at 1028 (Johnsen, J., dissenting).

¶5     We granted review to consider unresolved issues of statewide importance concerning municipal taxation of home-security monitoring services. The Court has jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶6     "[I]t is especially important in tax cases to begin with the words of the operative statute." *Arizona State Tax Comm'n v. Staggs Realty Corp.*, 85 Ariz. 294, 297, 337 P.2d 281, 283 (1959). We read tax provisions "to gain their fair meaning, but not to gather new objects of taxation by strained construction or implication." *Id.*

¶7     No city, town or special taxing district may tax "[i]nterstate telecommunications services, which include that portion of telecommunications services, such as subscriber line service, allocable by federal law to interstate telecommunications service." A.R.S. § 42-6004(A)(2). Neither

4

§ 42-6004(A)(2) nor any other Arizona statute defines "interstate telecommunication services."

¶8      Another Arizona tax provision defines "intrastate telecommunications services" as "transmitting signs, signals, writings, images, sounds, messages, data or other information of any nature by wire, radio waves, light waves or other electromagnetic means *if the information transmitted originates and terminates in this state*." A.R.S. § 42-5064(E)(4) (emphasis added). Although this definition appears in the statutes for state transaction privilege taxes, rather than municipal, we agree with the court of appeals that telecommunications services that are "intrastate" under § 42-5064(E)(4) are not "interstate" for purposes of § 42-6004(A)(2). *See People's Choice TV Corp. v. City of Tucson*, 202 Ariz. 401, 403–04 ¶ 8, 46 P.3d 412, 414–15 (2002) (noting the converse relationship between "intrastate" and "interstate").

¶9      Arizona cases provide little guidance for distinguishing between interstate and intrastate telecommunications services. This Court's only decision interpreting § 42-6004(A)(2) is *People's Choice*, which considered whether the City of Tucson could impose transaction privilege taxes on a television service provider. Upholding the tax, the court of appeals construed § 42-6004(A)(2) to prohibit "only the taxation of interstate 'transmissions' of information,

5

not the taxation of the 'services ancillary to the interstate transmission of signals.'" *Id.* at 403 ¶ 6, 46 P.3d at 414. We disagreed, holding that "the phrase 'interstate telecommunications services' requires a more expansive meaning" and § 42-6004(A)(2) prohibits the taxation of both interstate transmissions and services ancillary to such transmissions. *Id.* at 403–04 ¶ 8, 46 P.3d at 414–15.

¶10 Whether a certain telecommunication is intrastate or interstate was not before us in *People's Choice*. The television service provider there carried both local and out-of-state programs, and A.R.S. § 42-5064(A) "specifically exempts cable and microwave television systems from intrastate taxation because such systems . . . primarily provide interstate programming." *Id.* at 404 ¶ 10, 46 P.3d at 415. In this case, in contrast, no statutory scheme explicitly exempts home-security monitoring transmissions from intrastate taxation. We accordingly reject the conclusion below that *People's Choice* suggests the phrase "intrastate telecommunications services" be given an "expansive meaning." *Brink's Home Sec.*, 224 Ariz. at 283 ¶ 19, 229 P.3d at 1025.

¶11 The triggering of the home-alarm systems at issue in this case may result in three separate transmissions. First, the home-security system in Arizona sends a transmission to the Texas monitoring facility. Second, when the automated signal is

received, personnel at the monitoring facility call the Arizona customer to determine whether the original transmission is a false alarm or an emergency situation. If it is a false alarm, the monitoring process ends. If it is an emergency, BHS's personnel call local emergency responders — a third transmission. Each of these transmissions is made from one state to another. *See Brink's Home Sec.*, 224 Ariz. at 286 ¶¶ 37–38, 229 P.3d at 1028 (Johnsen, J., dissenting).

¶12    These separate transmissions cannot be characterized as "intrastate" by describing them as involving "information" that both originates and terminates in Arizona. The court of appeals correctly observed that the monitoring process may involve communications that begin with an alarm signal here and end with a call received by an Arizona emergency responder. 224 Ariz. at 283 ¶ 21, 229 P.3d at 1025. But the "loop" involves separate transmissions that relay different information. Thus, like the dissenting judge, we conclude that the telecommunications involved are not "intrastate" under A.R.S. § 42-5064(E)(4).

## III.

¶13    The Cities argue that even if the telecommunications involved in the home-security monitoring services are not "intrastate," the municipal taxes are still permissible because (1) A.R.S. § 42-6004(A)(2) does not apply to this kind of

7

interstate telecommunication service, or (2) the taxes are imposed on "monitoring services" rather than telecommunications services.

**A.**

¶14    The Cities maintain that A.R.S. § 42-6004(A)(2) only prohibits municipal taxation of services that federal law defines as interstate telecommunications services.  When first adopted, § 42-6004(A)(2) simply prohibited municipal taxation of "interstate telecommunications services."  1990 Ariz. Sess. Laws, ch. 5, § 1 (3d Spec. Sess.).  The section was amended in 1991 to prohibit taxes on "[i]nterstate telecommunications services, which include that portion of telecommunication services, such as subscriber line service, allocable by federal law to interstate telecommunications service."  1991 Ariz. Sess. Laws, ch. 28, § 1.

¶15    The Cities contend that the 1991 amendment added a restrictive clause, requiring "interstate telecommunications services" to be defined with reference to federal law.  But, the insertion of the comma that precedes "which include" makes the clause non-restrictive; that is, services "allocable by federal law to interstate telecommunications service" are among those to which § 42-6004(A)(2) applies, but they do not completely define the scope of the statute.  Neither the language nor the legislative history supports the Cities' restrictive reading.

8

¶16     The Cities also argue that the taxes are not assessed on "telecommunications services." Although the city codes expressly list "monitoring services" among the "telecommunication services" subject to municipal taxes, Peoria City Code § 12-470(a)(2)(D), Phoenix City Code § 14-470(a)(2)(D), the Cities maintain that the taxes are assessed on the monitoring services, not on the telecommunications, which they characterize as merely incidental to the services.

¶17     The City presented this argument below, but the court of appeals majority did not discuss it. (The dissenting opinion rejected it. *See Brink's Home Sec.*, 224 Ariz. at 288–89 ¶¶ 46–48, 229 P.3d at 1030–31 (Johnsen, J., dissenting)). We therefore remand to the court of appeals to consider this issue in the first instance. Because this issue is unresolved, we also do not address BHS's argument that if the municipal taxes apply to its services, the Commerce Clause of the federal constitution requires the taxes to be fairly apportioned to the Arizona component of its activities.

**IV.**

¶18     For the reasons stated, we vacate the opinion of the court of appeals and remand to that court for further proceedings. We deny BHS's request for an award of attorney fees pursuant to A.R.S. § 12-348 without prejudice to its

renewing this request below if it ultimately prevails.


_____
       W. Scott Bales, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice